## NALTNER ET AL. *v.* TAPPEY.

PLEADING.—*Written Agreement.—Construction of.*—In construing and giving effect to a written agreement, attached to, and constituting the basis of, a pleading which also alleges the terms of such agreement, in detail, the writing itself, and not such allegations, must be considered.

SAME.—*Foreclosure of Mortgage.*—*Promissory Note.*—*Extension of Time of Payment.*—*Collateral Security.*—*Contract.*—To secure an extension of the time of payment of a debt evidenced by a promissory note secured by a mortgage, a purchaser of the. mortgaged property executed to the payee of such note, another promissory note, payable at a time beyond the maturity, and for the amount of the principal and. interest, of the former note, with the agreement that such former note and such mortgage should be deposited at a certain bank, there to remain until the maturity of the latter note ; and that, upon the payment of the latter note, the payee would deliver up such former note, to said purchaser, and cancel such mortgage. *Held,* that, upon default being made in the payment of such latter note, such payee was entitled to have a judgment upon such former note, against the maker thereof, and to have a judgment of foreclosure of such mortgage, against said, or any subsequent, purchaser.

From the Marion Superior Court.

*N. B. Taylor, F. Rand* and *E. Taylor,* for appellants.

*W. Morrow, N. Trusler* and *J. A. Henry,* for appellee.

NIBLACK, J.—The complaint in this cause alleged that one Charles Stierle and the appellant Jacob W. Loeper, on the 15th day of December, 1869, executed to the appellee their promissory note for the sum of forty-two hundred and eighty-three dollars and fifty cents, payable in two years, with ten per cent. interest from date, and including attorney fees, and, to secure the payment thereof, on the same day, executed, also, mortgages on certain real estate, and on some personal property pertaining to The Eagle Brass Works, in the city of Indianapolis, and that the appellant Naltner had since become the owner of said real and personal property, subject to said mortgages, and had assumed to pay said note and mortgages.

The prayer of the complaint was for judgment, on the note, against the said Stierle and Loeper, for the foreclosure of the mortgages, and for all other proper relief.

Stierle not having been served with process, the action was dismissed as to him. Loeper made default.

Naltner answered in two paragraphs :

1st. In general denial.

2d. That the note and mortgages sued on were not

Naltner *et al. v.* Tappey.

wholly due and unpaid, in this, to wit, in consideration that the appellee's said note was not fully secured, on account of the insolvency of the makers thereof, and for the reason that the mortgaged property was encumbered by older mortgages, and that, hence, said mortgages, in the complaint mentioned, did not afford security for more than half the amount of said note; and in further consideration, that Robert C. Sturm would purchase the mortgaged property, and would, on the 15th day of October, 1870, give his note, with Herman Sturm as surety, for the amount of the mortgage debt then due, to wit, four thousand six hundred and forty dollars and forty-five cents, payable in four years, at six per cent. interest, payable annually, the appellant would accept said note for four thousand six hundred and forty dollars and forty-five cents, in payment of the mortgage debt; and the said Robert C. Sturm did thereupon purchase said mortgaged property, and did execute his note to the appellee for that amount, and on said terms, with the said Herman Sturm as his surety, and deliver it to the appellee; and in further consideration, that the said Robert C. Sturm did assume all the debts of the firm of Stierle & Loeper, including the prior mortgages on the mortgaged property, it was agreed that the mortgages and the note sued on were to stand as collateral security for the payment of said note for four thousand six hundred and forty dollars and forty-five cents, and that the said last named note should be the principal debt, and, when paid, should be in full satisfaction of the note and mortgages sued on; and the said Naltner averred that the interest on said note for four thousand six hundred and forty dollars and forty-five cents had been paid, up to the 15th day of October, 1873, and that he had purchased said mortgaged property from the said Robert C. Sturm, and assumed the payment of said note for four thousand six hundred and forty dollars and forty-five cents, and no other debt or greater sum.

And the said Naltner further alleged, that an agreement, covering the terms above specified, between the appellee and the said Robert C. Sturm, was reduced to writing and signed by the appellee, a copy of which was filed with said answer, by the terms of which, said note for four thousand six hundred and forty dollars and forty-five cents became the real debt, and, when paid, was to be in full satisfaction and discharge of the said two mortgages, described in the complaint, and that said Sturm had paid all the other debts of the said Stierle & Loeper, including the said prior mortgages on said mortgaged property. The said Naltner further alleged, that, as to the sum of four thousand six hundred and forty dollars and forty-five cents, with interest from the 15th day of October, 1873, and attorney fees, and costs, he could not gainsay, but as to all the rest and residue of said debt, covered by the note and mortgages sued on, he said, it had been fully paid and satisfied, and the note for four thousand six hundred and forty dollars and forty-five cents substituted therefor.

The copy of the agreement in writing, referred to by Naltner in the foregoing second paragraph of his answer, and filed with it, was as follows:

"In consideration that Robert C. Sturm has purchased all the property and effects of the late firm of Stierle & Loeper, known as The Eagle Brass Works, in the city of Indianapolis, upon a part of which property I now hold a mortgage to secure a note of Stierle & Loeper for four thousand two hundred and eighty-three dollars and fifty cents, dated December 15th, 1869, and due in two years, drawing ten per cent. interest, and in consideration that the said Robert C. Sturm has assumed to pay the liabilities of said firm of Stierle & Loeper, and has given his note, with H. Sturm as security, for the amount of said indebtedness of Stierle & Loeper to me, up to this date, to wit, four thousand six hundred and forty dollars and forty-five cents, payable in four years, at six per cent. interest, to be paid annually, now, therefore, in considera-

tion as aforesaid, I agree to extend the payment on the note and mortgages of Stierle & Loeper, four years from October 15th, 1870. And, upon the payment by the said Robert C. Sturm of his note, extended as aforesaid, I agree and bind myself to deliver up to him the note of Stierle & Loeper, and to cancel said mortgage; and I agree to deposit said Stierle & Loeper's note and mortgages at the First National Bank, at Indianapolis, in said city, to remain there until the said Robert C. Sturm's note becomes due and payable. L. C. TAPPEY,

" October 15th, 1870. By Morrow & Trusler."

The appellee demurred to the second paragraph of Naltner's answer, alleging that it did not state facts sufficient to constitute a defence to the complaint.

The court sustained the demurrer, to which Naltner excepted. Naltner having, during the pendency of the demurrer, withdrawn the first paragraph of his answer, and having elected to stand by the second paragraph thereof, notwithstanding the action of the court in sustaining said demurrer, refused to answer further.

The court thereupon found that there was due, on the note sued on, the sum of five thousand eight hundred and thirty-six dollars and forty-six cents, and rendered judgment against the said Loeper for that sum, and also decreed a foreclosure of the two mortgages, described in the complaint, and executed to secure the payment of said note.

That judgment was affirmed, on an appeal to the general term of the court below.

The ruling of the court, in sustaining the demurrer to the second paragraph of Naltner's answer, constitutes the only question presented to us here.

In arriving at a conclusion as to the sufficiency of this paragraph, we must consider the force and effect of the alleged agreement between the appellee and the said Robert C. Sturm, concerning the note and mortgages sued on, and comprising the terms and conditions on

which said Sturm became the purchaser of the mortgaged property. The paragraph sets out, somewhat in detail, what was agreed upon by and between the appellee and said Sturm, and then alleges that their agreement was reduced to writing, and signed by the appellee, and files a copy of the agreement, as thus made in writing, with said paragraph. In determining the force and effect of the agreement, we are not to consider what the allegations in the paragraph, concerning it, are, merely, but must look to the terms of it, as thus reduced to writing, and as exhibited by the copy, which is, in legal effect, made a part of the paragraph. It is a well settled principle, that, when a contract or agreement is reduced to writing, it must be accepted and construed as thus written.

As we construe this agreement, the only effect which it had, or was intended to have, on the note and mortgages sued on, was to extend the time of payment considerably beyond the time originally specified in them; that is to say, for four years from the 15th of October, 1870. As this suit was not commenced until the 22d day of October, 1874, more than four years after the date above indicated, the agreement would seem to have already performed its office, as regards the extension of the time of payment.

We are of the opinion that the paragraph was insufficient, and that the court did not err in sustaining the demurrer to it.

The judgment is affirmed, with costs and two per cent. damages.